IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                              Case No. 06-40147-02-SAC

DEWAYNE CARR,

        Defendant.

MEMORANDUM AND ORDER

        This case comes before the court on defendant's motions for production of evidence, for production of reports, and for issuance of subpoena duces tecum. The government has responded to the motions, agreeing to produce the requested evidence and reports not already in defendant's possession. Based upon the government's response, the court finds defendant's motions for production of evidence and for production of reports moot.

        The government takes no position on defendant's motion pursuant to Fed. Rule 17(c) for issuance of subpoenas. Defendant requests that the court permit defendant to issue subpoenas duces tecum

to "various business and governmental entities...of specific records relevant to Mr.Carr's defense. The records concern the travel of Mr. Carr and Ronald Redmond, who is the government's primary witness, and other matters. The records are relevant based upon statements Mr. Redmond has made to the government and its agents and contain information that is directly exculpatory." Dk. 22. p. 1.

Rule 17(c) is "not intended to provide an additional means of discovery," but "to expedite the trial by providing a time and place before trial for the inspection of the subpoenaed materials." *Bowman Dairy Co. v. United States*, 341 U.S. 214, 220 (1951). A party seeking a subpoena duces tecum under Rule 17(c) must establish:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Abdush-Shakur*, 465 F.3d 458, 467 (10th Cir. 2006), quoting *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

The court finds a hearing on defendant's Rule 17(c) motion unnecessary. Defendant has failed to state in his motion how the requested

materials relate to the charges against him or how the documents may be used in his defense. "Conclusory statements do not establish relevance." *United States v. Abdush-Shakur*, 465 F.3d 458, 468 (10th Cir. 2006). Defendant additionally fails to allege that the documents he seeks are not otherwise procurable reasonably in advance of trial by exercise of due diligence.  Lastly, defense counsel offers no information regarding which business, governmental entities or records are desired, or what statements Mr. Redmond has made to governmental agents, lacking the requisite specificity.  Accordingly, no court order for issuance of a subpoena is possible.

In light of these findings, the court finds no need to conduct the motions hearing previously set for June 7, 2007and cancels the same.

IT IS THEREFORE ORDERED that defendant's motion for production of evidence (Dk. 20), defendant's motion for production of reports (Dk. 21), and defendant's motion for court's order of subpoena (Dk. 22) are denied.

Dated this 30th day of May, 2007, Topeka, Kansas.

                              s/ Sam A. Crow
                              Sam A. Crow, U.S. District Senior Judge