IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

     vs.                         Case No. 06-40147-02-SAC

DEWAYNE CARR,

       Defendant.

MEMORANDUM AND ORDER

This case comes before the court on defendant's motion for reconsideration of the court's order dated May 30, 2007, and a supplement to that motion.  In the previous order, the court found defendant's motions for production of evidence and for production of reports moot, based upon the government's response in which it agreed to produce the requested items by 14 days prior to trial.

The court additionally denied defendant's request for court issuance of Rule 17(c) subpoenas for multiple reasons, finding defendant "failed to state in his motion how the requested materials relate to the charges against him or how the documents may be used in his defense,"

failed to "allege that the documents he seeks are not otherwise procurable reasonably in advance of trial by exercise of due diligence," and failed to offer any "information regarding which business, governmental entities or records are desired, or what statements Mr. Redmond has made to governmental agents, lacking the requisite specificity."  In other words, the court had not been informed of what defendant wanted or why he wanted it.

### Standard for reconsideration

The standard for motions for reconsideration is well established.

> Rarely do parties in criminal proceedings file motions to reconsider rulings on pretrial motions. This court believes that the standards for evaluating a motion to reconsider in the civil context are relevant for evaluating a motion to reconsider in a criminal case. "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D.Kan. Rule 7.3. "A motion to reconsider is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F.Supp. 1482, 1483 (D.Kan.), *aff'd*, 43 F.3d 1484, 1994 WL 708220 (10th Cir. Dec.21, 1994) (Table).

*United States v. D'Armond*, 80 F.Supp.2d 1157, 1170 (D.Kan.1999).

> A court's rulings "are not intended as first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). A motion

to reconsider is appropriate if the court has obviously misapprehended a party's position, the facts, or applicable law, or if the party produces new evidence that could not have been obtained through the exercise of due diligence. *Comeau v. Rupp*, 810 F.Supp. 1172, 1175 (D.Kan.1992); *see Refrigeration Sales Co. Inc. v. Mitchell-Jackson, Inc.*, 605 F.Supp. 6, 7 (N.D.Ill.1983), *aff'd*, 770 F.2d 98 (7th Cir.1985). A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. *Comeau v. Rupp*, 810 F.Supp. at 1175.
 *Koch v. Koch Industries, Inc.*, 6 F.Supp.2d 1207, 1209 (D.Kan.1998). The decision whether to grant or deny a motion to reconsider is committed to the court's sound discretion. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988).

*Id.* at 1171.

None of the above standards is met.  By this motion, defendant supplies factual allegations which could and should have been provided in his initial motion, and asks the court to revisit issues already addressed. Denial of the motion is warranted on this basis alone.

Had the court reached the merits of the motion, the result would have been no different.  Although defendant provides much detail not included in his initial motion, he makes no attempt to show the court that the documents he seeks are not procurable by other means, such as those contemplated in Rule 17(a).  Defendant, who has retained counsel, has thus failed to show that a Rule 17(c) order from this court is necessary. The court additionally notes that the motion fails to show the relevance of the

3

requested "warrants and reports from Phoenix, Arizona, pertaining to an

investigation" of defendant, and appears to be a fishing expedition

regarding its request for taped telephone calls and taped visiting room

conversations involving Redmond.

IT IS THEREFORE ORDERED that defendant's motion for

reconsideration (Dk. 26) with supplement (Dk. 27) is denied.

Dated this 20th day of June, 2007, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge

4