IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                       Case No. 06-40147-02-SAC

DEWAYNE CARR,

        Defendant.

MEMORANDUM AND ORDER

        This case comes before the court on defendant's third motion for court issuance of several pretrial subpoenas duces tecum.

        A short recap of events is in order. Defendant initially moved, through retained counsel, for several 17(c) subpoenas duces tecum in a short combined motion and memorandum which failed to tell the court what records defendant desired, what relevance such records had to this case, which individuals or others had the desired records, or what attempts

1

defendant had made to obtain the records without a court-ordered subpoena. Dk. 22. Accordingly, the court denied defendant's motion for lack of shown relevance, specificity, and necessity. Dk. 24.

Defendant then filed a motion to reconsider which stated, for the first time, his desire to obtain three categories of records: airline records from four airlines for a two-week period; warrants and reports from Phoenix, Arizona pertaining to some unspecified investigation of defendant; and taped conversations of Ronald Redmond for a three-year period. Dk. 26. The court denied the motion based on procedural failings (failure to meet requirements of motions to reconsider) as well as substantive ones (failure to show relevance, specificity, and necessity). Dk. 30.

Defendant has now filed a second motion to reconsider which focuses solely on his request for 17(c) subpoenas for airline records which defendant asserts may form the basis for a potential alibi defense. Dk. 32. Defendant's brief makes no mention of his prior requests for warrants and reports from Phoenix pertaining to some investigation of defendant, or for taped conversations of Ronald Redmond.[1]

---

[1] The court notes that an attachment to the motion includes a copy of a subpoena defendant wishes the court to issue for records of Ronald Redmond's taped conversations for 2005, 2006, and 2007. To the extent defendant may intend for the present motion to encompass these records or those pertaining to the

Defendant's second motion to reconsider inaccurately characterizes his first motion to reconsider in two ways: 1) in stating that the motion "sought two types of documents," when it actually sought three; and 2) in stating that the motion indicted that the documents sought "were not otherwise procurable before trial by the exercise of due diligence," Dk. 32, p. 2, when the first motion to reconsider contained no such assertion and failed to address that requirement whatsoever.

Defendant seeks the airline records to determine whether defendant flew on certain airlines during a two-week period. Defendant states that "according to Mr. Redmond (a cooperating alleged coconspirator), Mr. Carr was in Phoenix when the drugs were packaged and placed in the Chrysler 300 that Redmond was driving when he was apprehended in Kansas." Dk. 26, p. 6. Defendant seeks the airline records in hopes of showing that he was not in Arizona when Mr. Redmond claims that he was. *Id*.

Defendant thus seeks the airline records for purposes of impeachment. "Generally, the need for evidence to impeach witnesses is

---

Phoenix investigation, the court denies the motion as failing to provide any grounds for reconsideration and failing to cure the previous deficiencies. All three of defendant's requests are merely fishing expeditions.

3

insufficient to require its production in advance of trial." *United States v. Nixon,* 418 U.S. 683 at 701-02 (1974) (citation omitted).  "[I]mpeachment material is generally not subject to pre-trial disclosure under the Rule." *United States v. Merlino*, 349 F.3d 144, 155 (3rd Cir. 2003).  Impeachment material lacks evidentiary value prior to trial.  *Id.*

The court does not agree that defendant has shown that the airline records are relevant to establish an alibi.  Even if the court were to accept defendant's characterization of these documents as tending to prove alibi, the records would not accomplish their intended purpose.  The desired airline records are for defendant's flights taken between June 25, 2005 and July 8, 2005.  The indictment charges defendant with three counts:  1) conspiracy to distribute drugs "from a date unknown to the Grand Jury, but beginning sometime before the 9th of July, 2005, in the District of Kansas and elsewhere"; 2) possession with intent to distribute drugs "on or about the 9th day of July, 2005, in the District of Kansas and elsewhere"; and 3) possession of drugs "on or about the 9th day of July, in the District of Kansas and elsewhere." Dk. 2. The records will not establish defendant's presence anywhere on July 9, 2005, the date alleged in counts two and three of the indictment, since they seek records for the two-week

period ending July 8, 2005.

Count one alleges a conspiracy occurring "sometime before the 9th of July, 2005." Even if the airline records showed that defendant flew somewhere other than Phoenix on July 8, 2005, defendant could nonetheless have flown back to Phoenix later that same date on another airlines whose records are not requested to be subpoenaed.[2] " "Alibi" evidence is unlikely to affect a trial if it does not account for the defendant's presence at the time of the crime." *United States v. Ashimi*, 932 F.2d 643, 649 (7th Cir. 1991), *Cf. Untied States v. Hamblin*, 911 F.2d 551, 556 (11th Cir. 1990) (failure to present alibi defense not prejudicial when alibi did not account for defendant's presence at time of crime due to time lapse between two events); *McPherson v. Greiner*, 2003 WL 22405449, *26 (S.D.N.Y.2003) (finding no error by counsel in failing to offer "a patently specious alibi defense" where document could establish defendant's presence at a location on same date of offense, but hours before offense occurred.) More importantly, the nature of the conspiracy crime charged in the indictment does not readily lend itself to an alibi defense, since the

---

[2]Additionally, the fact that defendant purchased a ticket or that someone sat in his seat on a particular flight does not mean that defendant actually flew on that flight.

conspiracy is alleged to have occurred over a period of time rather than only at one specific time and place. Thus the evidentiary value of the requested documents is negligible.[3]

Lastly, such records would not be voluminous, complex, or confusing, and if produced would cause little, if any, delay at trial by virtue of the parties' inspection of them in accordance with the procedure set forth in Rule 17(a). No necessity has been shown for obtaining the records by subpoena prior to trial.

Defendant additionally contends that without the airline records, he is unable to comply with the discovery requirements imposed by Rules 12.1 and 16, so asks the court to excuse his noncompliance with those rules. The court disagrees. The alibi defense discovery procedures have not yet been triggered, thus defendant is currently under no duty to make any disclosures relative to an alibi defense. *See* Fed. R. Crim. P. 12.1 (requiring government's written request for notice of alibi defense as precondition to defendant's response). Further, by virtue of defendant's motions for subpoenas, which have not been filed ex parte, the government

---

[3] Additionally, the burden of producing the airline records appears to outweigh the relevance they may have to the case to the extent that the court would properly quash the subpoena under Rule 17(c) upon request.

is fully informed of the fact that defendant may is considering an alibi defense, preventing unfair surprise to the government.

Similarly, the Rule 16 duty to disclose extends only to documents in defendant's "possession, custody, or control," and thus does not extend to these records sought but not obtained by defendant. Neither rule currently imposes any duty on defendant that cannot be met by virtue of the court's ruling.

The decision whether to require subpoenaed documents to be produced pre-trial rests with the sound discretion of the district court. *See United States v. Nixon*, 418 U.S. at 702, 94 S.Ct. at 3104-05 ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court because the necessity for the pretrial subpoena most often turns upon a determination of factual issues.") After visiting this issue three times, the court remains convinced that defendant's request for documents pursuant to Rule 17(c) should be denied. The court notes that it has spent an inordinate amount of time on this issue and shall summarily deny any subsequent motion to reconsider this ruling.

IT IS THEREFORE ORDERED that defendant's second motion to reconsider (Dk. 32) is denied.

Dated this 24th day of July, 2007, Topeka, Kansas.

                    <u>s/ Sam A. Crow</u>
                    Sam A. Crow, U.S. District Senior Judge